## Shughart *versus* Moore.

1. When a promise is made by one in consideration of the execution of a writing by another, the promise may be shown by parol evidence.

2. Powelton Coal Co. *v.* McShain, 25 P. F. Smith 238 ; Weaver *v.* Wood, 9 Barr 220, followed.

| 78 | 469 |
|---|---|
| 212 | 100 |
| 78 | 469 |
| 30 SC | 144 |
| 78 | 469 |
| f220 | ¹292 |

May 12th 1875.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Cumberland county :* Of May Term 1874, No. 79.

This was an action on the case, brought January 7th 1870, by Jonas Shughart against Johnston Moore.   The cause of action as set out in the declaration was in the first count: That in consideration that the plaintiff, at the defendant's request, would move on his farm, become his tenant for one year, from the 1st day of April 1869, to the 1st day of April 1870, and farm it on the shares, the defendant would build a suitable barn on the farm ; that the plaintiff did become tenant and took possession of the defendant's farm, &c., yet the defendant refused to erect the barn, and the plaintiff suffered great loss.   In the second count: That the plaintiff being in the occupancy of defendant's farm, the defendant proposed to him that if he would continue on the farm from April 1st 1870 to April 1st 1871, and farm to the shares, the defendant promised that he should have the farm for another year on the shares; that the plaintiff arranged to continue, the defendant promising to finish the barn by the first day of October 1869, but the defendant did not finish the barn nor allow plaintiff to remain on the farm.

The case was tried August 19th 1873, before Junkin, P. J.

The plaintiff testified that under an agreement in writing with the defendant he went on his farm in the spring of 1869.

Plaintiff then offered to prove that before April 1st 1869, defendant proposed to him that if he would move on his farm as a cropper, for a year, the defendant would build a barn "by harvest;" that plaintiff agreed to it, and after plaintiff entered on the farm the defendant brought him the agreement to sign ; the plaintiff would not sign it because nothing was said in it about building the barn ; defendant said it was not necessary ; he would do as he had promised.   Plaintiff, relying on defendant's promise to build the barn, was induced to sign the agreement, but defendant, when called on to build the barn, refused to do it.

. The defendant objected, that the offer was to prove a contract by parol, when there is a contract for the subject matter in writing.

The offer was rejected by the court, and a bill of exceptions sealed.

The plaintiff further testified that whilst he was living on the

farm, defendant came on it about harvest, and said if plaintiff would carry it on for another year, defendant would put up the barn and have it under roof on the 1st of October; the defendant proceeded to build the foundations and stopped, and plaintiff's stock was without shelter; he detailed other injuries, which he suffered by reason of the failure of defendant to build the barn.

A. Layman testified, that in the summer of 1869 defendant came to the farm to step off the foundation of the barn, and he did so; that he said to plaintiff, "you have been doing well, you may remain another year, I will put up the barn for you." Plaintiff agreed to that, and said he would stay if defendant would put the barn up.    There was other evidence tending to establish the plaintiff's case.

The defendant testified that plaintiff went to his farm in the spring of 1869; under the written agreement, defendant told plaintiff within the first week of April, that he did not suit him, and that he must look out for another place at the end of his lease. Defendant had previously contracted to build a barn on the farm; he went to the farm in July, plaintiff came in and behaved so badly, that defendant told him that he could not have the farm.    Afterwards defendant went to where the men were quarrying stone for the barn; plaintiff attacked him with a shovel, saying he had no business there; when defendant found that he could not go there to see about the building of the barn, he directed the builder to carry up the walls and cover them, so as to preserve them, and finish the next year.  There was other evidence of threats of injury to defendant when he went to the farm in relation to building the barn.

The defendant's third point and the answer were:—

Point. If the jury believe that the agreement was as stated by Mr. Layman, "That Moore said he had come to stake off the foundation of the barn; that he would put up the barn under roof by the 1st of October, and that Shughart could remain on the farm another year, and Shughart said he would remain, provided he put up the barn," there was no binding and conclusive contract of lease between the parties.  His remaining was optional with Shughart, to stay or not; and as the barn was not put up, and Shughart did not stay, he cannot recover for the loss of the farm the succeeding year, and he cannot recover for any loss the want of the barn occasioned, as there was no barn contracted for in the written lease which covered that year.

Answer : "We answer that if you find that this was the only agreement between the parties, as set out in this point, we affirm the point, because it does not show a binding contract.    If you find that Moore said he had come to stake off the foundation of the barn, that he would put it under roof by the 1st of October, and that Shughart could remain on the farm another year, and Shug-

hart said he would remain, provided he put up the barn,' and Moore did not agree to put up the barn if Shughart would remain another year, this would not constitute a contract between the parties, but would be mere propositions, and unless you find that such propositions were assented to upon both sides, it would not be a contract; but if made and accepted, it would be a contract, and binding on the parties. You will determine how this was."

The court charged: * * * "This plaintiff alleges that defendant leased to him for a second year, and as an inducement to the tenant to accede, the defendant agreed to build the barn during the continuance of the written lease. We see no difficulty in saying, that it was competent for the parties to provide, in the parol agreement of lease, for the second year, that the landlord should build a barn during the continuance of the term covered by the written lease, although by the terms of the latter, no barn was to be erected, and the plaintiff bound to remain to the end of the term without a barn. So far as the last contract conflicted with the written lease for the previous year, it superseded it—or perhaps in this case it would be more correct to say, that it was an independent contract, upon a new subject, both as to the barn and letting for the second year—so that on this point there is no difficulty.

" The first question is, did these parties make an agreement verbally for the lease of the farm for the second year, and the building of the barn in fall of 1869 ?

" If you find that no such agreement was made, the plaintiff's case ends there, and you will find for the defendant. [Or if you find that such an agreement was made,. and the plaintiff prevented the defendant from going on with the barn, by ordering him off the premises, and threatening him with personal injury, and you find that it was the fault of the plaintiff that the agreement was not complied with in building the barn—plaintiff cannot recover, for he himself would be the cause of the injury he complains of.] It was the undoubted right of Mr. Moore to be upon the premises to see after the building of the barn, and if plaintiff, through violence, rendered it dangerous for Mr. Moore to be there, the plaintiff ought not to recover damages for what was his own fault or folly. But should you find that such agreement of lease was made, and nothing was done by Shughart to prevent Mr. Moore from performing his part thereof—then, it would be your duty to assess the damages in favor of the plaintiff, and the measure of these damages would be the injury the plaintiff sustained for the want of the barn—the exposure of his stock, and the injury resulting therefrom, up to the 7th January 1870, when suit was brought; although such injury only became apparent after the latter date, if in fact sustained before; and the loss the plaintiff sustained, by reason of defendant failing to carry out the lease for the second year."

[On the question of the making of said verbal lease for the

second year, and building barn, the plaintiff and his son prove it—the testimony of Layman does not distinctly prove it, and we will draw your attention to his testimony, when answering defendant's points.]

The verdict was for the defendant.

The plaintiff took a writ of error. He assigned for error: rejecting his offer of evidence, the answer to defendant's third point and the parts of the charge in brackets.

*J. G. Vale* and *W. J. Shearer*, for plaintiff in error.—The evidence rejected was not to vary the terms of the lease, but to show that the promise which was the inducement to execute the lease was not kept: Partridge *v.* Clarke, 4 Barr 166 ; Powelton Coal Co. *v.* McShain, 25 P. F. Smith 238 ; Christ *v.* Diffenbach, 1 S. & R. 465 ; Campbell *v.* McClenachan, 6 Id. 172 ; Oliver *v.* Oliver, 4 Rawle 145 ; Gamp's Appeal, 15 P. F. Smith 476.

*J. Hays* and *W. H. Miller*, for defendants in error.—Unless an omission from a writing has been by fraud or mistake, it cannot be added by parol : Martin *v.* Berens, 17 P. F. Smith 459.

Mr. Justice SHARSWOOD delivered the opinion of the court, May 24th 1875.

The cases of Weaver *v.* Wood, 9 Barr 220 and Powelton Coal Co. *v.* McShain, 25 P. F. Smith 238, are full to the point that the offer of evidence complained of in the first assignment of error ought to have been received. These cases settle beyond all question that where a promise is made by one party in consideration of the execution of a written instrument by the other, it may be shown by parol evidence. It is no answer to this, to say that the jury may have found for the defendant on the evidence upon the ground that the plaintiff had prevented the defendant from fulfilling his contract to build the barn. How can we say that this was the point upon which the evidence was rendered when both points were distinctly submitted, and when a very material part of the plaintiff's evidence upon one of them was excluded from the consideration of the jury unlawfully ? The other errors assigned are not sustained.

Judgment reversed, and a *venire facias de novo* awarded.