JOSEPH INGRAM, Appellee, v. CHAS. A. DAILEY, Appellant.

**Landlord's Attachment:** COUNTERCLAIM: PRACTICE. In an action
1   in landlord's attachment refusal to submit a counterclaim for
the wrongful and malicious suing out of the attachment is not
error.

**Parol Evidence:** WHEN ADMISSIBLE TO SHOW AN AGREEMENT NOT
2   FULLY WRITTEN. Where an instrument manifestly fails to ex-
press the agreement of the parties in some particular, as where
certain labor is to be performed, but the time when and char-
acter of the work is not stated, parol evidence is admissible
to show the understanding in that respect, and does not tend
to vary the terms of the writing.

**Parol Evidence:** LABOR CONTRACT: TIME OF PERFORMANCE. Code,
3   section 3056, which requires a demand for performance to con-
vert a contract for labor into a money demand, has no appli-
cation to the admissibility of parol evidence fixing the time for
performance of such contract.

*Appeal from Ringgold District Court.*—HON. R. L. PARISH,
Judge.

FRIDAY, FEBRUARY 19, 1904.

LANDLORD's attachment to recover rent alleged to be due
upon a written contract of lease of a farm. Trial to a jury.
Verdict and judgment for the plaintiff, and defendant ap-
peals.—*Reversed.*

*Spence & Smith* for appellant.

*H. C. Beard* and *V. R. McGinnis* for appellee.

DEEMER, C. J.—The original contract of lease was be-
tween John M. Clayton as lessor, and defendant Charles A.
Dailey as lessee. The stipulation as to rent reads as follows:
"For the rent of said premises, the said second party agrees
to pay first party one hundred and eighty-one dollars, said

rental to be paid promptly as follows: Forty dollars cash, one hundred and ten dollars the first of January, 1902, thirty-one dollars to be worked out on farm at one dollar per day." There was also a stipulation to the effect that "a failure to pay the rent as agreed upon, or to comply with any of the stipulations of this lease, by second party, shall authorize the first party to consider the lease forfeited, and he may take possession of the premises, without notice, or without process of law, or he may bring an action as allowed by law." A note for $110 was given by the lessee, due February 1, 1902. This action was commenced by plaintiff, an assignor of the original lessor, November 4, 1901, to recover the sum of $145, being the amount of the note with interest, and the value of the labor agreed to be performed; the petition alleging that defendant refused upon demand to perform the labor agreed to be done by him, and that by reason thereof the entire rental became due. The note had matured when the cause was called for trial, but we find no supplemental pleading reciting this fact, and the case was not tried or submitted on that theory. Defendant denied any failure on his part to comply

1. COUNTER-
CLAIM: prac-
tice.

with the terms of the lease, pleaded certain payments made by him on the rent, and also filed a counterclaim for the wrongful suing out of the land-lord's attachment. This counterclaim was not submitted to the jury, and of this complaint is made. The ruling was correct. *Youngerman v. Long,* 95 Iowa, 185.

It will be noticed that the lease does not specify the time when defendant was to perform the labor which he agreed to do as part of the consideration for the use of the property.

2. PAROL evi-
dence: when
admissible
to show an
agreement
not fully
written.

The trial court was of opinion it seems, that this was implied by law, and instructed as follows: "Under said stipulation in said contract, it would be incumbent upon the defendant to perform thirty-one days' work upon said farm during the term of the said lease; that the landlord would have a right to direct the kind of work done, and the time of its performance, subject to the limitations that it should be such reasonable

farm work as could be reasonably performed by the defendant, and that the time and place of the performance should be such as the defendant could reasonably comply with." Defendant offered evidence to show that it was agreed between him and Clayton, at the time the lease was executed and afterwards, as to just what work the defendant should do under the lease, and that he was to do it at any time that he could when not inconsistent with his other labors; and that he performed part of the work so agreed upon before plaintiff took his assignment of the lease, and afterward performed the remainder. It also appears that Clayton told the plaintiff before he assigned the lease just what his arrangements with Dailey were. In this connection the trial court instructed that defendant was not entitled to credit for any work performed under the lease after August 1, 1901—the date that he was notified of the assignment of the lease to plaintiff. The offered evidence as to the kind of work agreed upon between Clayton and the defendant, and as to the time when it was to be performed, was excluded on the ground that it tended to contradict the terms of the written lease, and, as it was in parol, was incompetent. In ruling on the objection the court said that the proper construction of the contract was that the work should be done whenever the landlord demanded it, and that the offered evidence would amount to an alteration of the contract.

Manifestly, these rulings and instructions which we have quoted were wrong. The contract does not fix the time as to when the labor was to be performed, nor does it specify the kind of work to be done. Parol evidence would not, therefore, tend to vary or contradict anything in the written lease. The agreement as to the kind of labor, and as to the time when it was to be performed, might very well rest in parol. The instrument is manifestly incomplete in this respect, and it is perfectly proper in such cases to show either antecedent or contemporaneous agreements resting in parol. *Peterson v. R. R. C.,* 80 Iowa, 92. It is only when the agreement, construed in the light of the circumstances in which and the purposes

for which it was executed, shows that it was meant to contain the whole bargain between the parties, that extrinsic parol evidence is inadmissible.    Greenleaf on Evidence, section 284a; Stephens' Digest of Law of Evidence, article 90; *Shughart v. Moore,* 78 Pa. 469; Taylor's Landlord & Tenant, section 44; *Welz v. Rhodius,* 87 Ind 1 (44 Am. Rep. 747); *Paul v. Owings,* 32 Md. 402.    This doctrine is well established in our own cases.    See *Mt. Vernon v. Sheely,* 114 Iowa, 313; *Sutton v. Griebel,* 118 Iowa, 78; *Murdy v. Skyles,* 101 Iowa, 555.    Also, see, *Norris v. Morrill,* 40 N. H. 396.    The evidence offered in this case did not tend to change, vary, or contradict a single word in the written instrument, and it should have been received.    This being true, it follows that the instructions to which we have referred were also wrong, and should not have been given.    In the absence of any testimony as to the manner and time of performance, it may be that the court's instructions would have been correct under a statute to which we shall presently refer; but this point we need not now definitely determine.

It is contended by appellee that under Code, section 3056, which provides that "no cause of action shall accrue upon a contract for labor    *    *    *    when the time for performance is not fixed, until a demand of performance has been made upon the maker and refused, or a reasonable time for performance thereafter is allowed," the trial court was right in its rulings.    Manifestly, this section has no reference to the question of the admissibility of parol evidence to fix the time for the performance of such contracts.    The statute simply provides what shall be done when no time for performance is fixed in order to convert such a contract into one for the payment of money, or to establish a cause of action in favor of the holder of the contract against the maker.    It relates to the maturing of the cause of action, rather than to the evidence thereof.    It may be, as we have already said, that, in the absence of any evidence on the subject, this statute would apply, and leave it in the power of the lessor or his assignor

3.  PAROL evidence: labor contract: time of performance.

to mature the contract whenever he saw fit; but, as a rule, when no time for payment of rent is fixed, it is not payable until the end of the term. *Dixon v. Niccolls,* 39 Ill. 372 (89 Am. Dec. 312); *Bordman v. Osborne,* 23 Pick. 295; *Indianapolis Co. v. Bank,* 134 Ind. 127 (33 N. E. Rep. 679). However, we need not speculate as to this, for the case must be reversed on other grounds, and the question may not arise upon a retrial. As plaintiff was not, under the pleadings, entitled to recover except on the theory that defendant was in default in failing to perform the labor required by the terms of the lease, the case must be reversed, and sent back for another trial.

The rent note has now matured, and we have no occasion to pass on the question as to whether or not failure to perform the labor part of the contract matured the rent note.

For the errors pointed out the judgment must be, and it is, REVERSED.