# Fidelity and Casualty Company, Appellant, *v.* Harder.

*Evidence—Parol evidence—Written instrument—Bond—Judgment.*

Parol evidence is admissible to alter, vary or contradict a written instrument where such evidence establishes an oral agreement contemporaneous with the execution of the writing, and on the faith of which the instrument was executed.

Where the court below finds as a fact the existence of the parol contract, and this finding is based upon the evidence of two witnesses as against one to the contrary, the Supreme Court will not reverse the finding in the absence of manifest error.

A surety company became surety for the treasurer of a corporation to secure the corporation from any loss it might sustain on account of any fraudulent or dishonest acts of the treasurer. Subsequently the treasurer was charged with embezzlement, and the surety company demanded and received from him a bond of indemnity which authorized the surety company to enter judgment on the bond after it had "satisfied itself as to its liability under said bond." Judgment was subsequently entered upon the bond. Afterwards on a rule to open the judgment, the defendant showed by two witnesses as against one to the contrary, that there was a parol contract made prior to the execution of the bond that the bond should not be proceeded upon until the liability of the treasurer to his corporation had been established by due process of law, and that this agreement was the inducement for the execution of the bond. *Held* (1), that the parol evidence was admissible; (2) that the intention of the parties was that the surety company should not enter judgment on the bond until it had satisfied itself of the liability of the original bond, and then was not to proceed to collect the same until the liability of the treasurer had been established by due process of law.

Argued, March 13, 1905. Appeal, No. 256, Jan. T., 1904, by plaintiff from order of C. P. Lycoming Co., Sept. T., 1902, No. 327, making absolute rule to open judgment in case of The Fidelity & Casualty Company of New York v. Err H. Harder and Henry J. Shadle. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule to open judgment. Before HART, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to open judgment.

*Thomas M. B. Hicks*, for appellant.—The discretion of courts to open judgments is very extensive, but it must rest on a

foundation of competent evidence: Woods v. Irwin, 141 Pa. 278.

To entitle a party to an issue, or to have a judgment opened, some disputed fact to be submitted to the decision of the jury must be shown : Knight's Appeal, 19 Pa. 493 ; Moore v. Dunn, 147 Pa. 359; English's Appeal, 119 Pa. 533; Jenkintown National Bank's Appeal, 124 Pa. 337; Woods v. Irwin, 141 Pa. 278; Kaier Co. v. O'Brien, 202 Pa. 153.

While it is probably the law that the testimony of two defendants is sufficient to overcome the conclusive effect of a responsive answer ; yet, in order to move a chancellor, upon the ground of fraud, accident or mistake, to reform or cancel a bond or deed, the evidence must be clear, precise and indubitable : Sylvius v. Kosek, 117 Pa. 67.; Ahlborn v. Wolff, 118 Pa. 242 ; Cosgrove v. Cummings, 195 Pa. 497 ; Boyertown National Bank v. Hartman, 147 Pa. 558 ; Fulton v. Hood, 34 Pa. 365.

The case of Gump v. Goodwin, 172 Pa. 276, expressly raises and decides the precise question of law presented at bar.

*C. LaRue Munson*, with him *Addison Candor*, for appellees. —The parol agreement has been established by the " clear, precise and indubitable " testimony of two witnesses, and by corroborating circumstances, and meets the requirements of the well-established rule : Cloud v. Markle, 186 Pa. 614.

The judgment on the bond in suit cannot be maintained against the denial of the obligors that its condition has been broken, without the verdict of a jury upon that issue : Huckestein's App., 3 Penny. 55; Mayer v. Watson, 14 Lanc. 257; Fidelity & Casualty Co. of N. Y. v. Eickhoff, 63 Minn. 170 (65 N. W. Repr. 351).

*Thomas M. B. Hicks*, for appellant, in reply.—The law, as well established in Pennsylvania, and by the best considered precedents in other jurisdictions, is just the contrary to the cited decision of the Supreme Court of Minnesota. It does not in any way contravene public policy, or any other provision of the law, for one party, if he choose, to submit the controversy to the conclusive decision of the other party : Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205 ; Gowen v. Pierson,

166 Pa. 258; Faunce v. Burke, 16 Pa. 469; North Lebanon R. R. Co. v. McGrann, 33 Pa. 530.

OPINION BY MR. JUSTICE ELKIN, May 15, 1905:

The appellant is a foreign corporation. It furnishes fidelity bonds for persons employed in positions of responsibility and trust. One of the appellees, Harder, being employed as assistant treasurer of the Williamsport Gas Company, was required to furnish a bond. The appellant became his surety on the bond required by the employing company. The material conditions of said bond so far as the present case is concerned required the appellant to " make good and reimburse to the employer to the extent of the sum of two thousand dollars, and no further, such pecuniary loss, if any, as may be sustained by the employer by reason of any fraudulent or dishonest acts of the employed in connection with the duties of said position, amounting to embezzlement or larceny."

The gas company alleged that Harder had misappropriated and embezzled moneys belonging to it which came into his hands as assistant treasurer. The appellant sent its agent or representative to look over the accounts of said Harder in connection with his employment in the gas company, and claiming a shortage therein, demanded an indemnifying bond in order to protect itself from losses that might occur to it by reason of the payment of the original bond. Harder thereupon secured Henry J. Shadle as his surety in a bond of indemnity to the appellant company in the sum of $2,000.

The condition of this bond is as follows : " Now the condition of this obligation is such that if the said Err H. Harder and Henry J. Shadle shall at all times hereafter, save, indemnify and keep harmless the said Fidelity and Casualty Company, its successors and assigns, from or against all losses, payments, actions or demands whatsoever of said Williamsport Gas Company, or by reason of said bond of indemnity to the company arising out of any default, defalcation, misappropriation or other failure of duty of the said Harder under said bond on the part of said Harder as assistant treasurer of said Gas Company, or of any breach by him of any conditions in said bond, then this obligation to be void, otherwise to remain in full force and virtue."

The latter bond contained a power of attorney to confess judgment thereon. The appellant having secured this indemnity bond, proceeded to make an examination of the accounts of said Harder as assistant treasurer of the gas company, and having satisfied itself, as it is alleged, that there was a shortage in his accounts amounting to embezzlement to the full amount of its obligation in the original bond, on its own motion paid the amount thereof to the gas company. Judgment was then entered on the bond of indemnity against Harder and Shadle and execution issued thereon, whereupon Harder and Shadle presented a petition to the court asking the writ to be stayed, and judgment to be opened in order that they might be let into a defense. The appellees set out in their petition, and contended in the court below, and assert here, that there had been no breach of the conditions of the indemnity bond on which the judgment was entered, nor any breach of the conditions of the original bond and no misappropriation or embezzlement of the funds of the gas company by Harder, and consequently no right in appellant to enforce the collection thereof. One of the material averments in the petition to open the judgment is to the effect that at the time the bond of indemnity to the appellant was executed there was a parol contract made by the appellees and the agent or representative of the appellant as an inducement to get the appellees to sign the same, that said bond should not be proceeded upon until the liability of Harder to the gas company had been established by due process of law. The court permitted testimony to be taken in support of this parol contract, and after hearing the same, directed the execution to be stayed, judgment to be opened, and lien to be preserved, in order that the disputed questions of fact should be determined by a jury. The appellant complains because it is contended that under the express provisions of the bond the right to have the liability of Harder determined by a jury had been waived, and that having satisfied itself of the defalcation, misappropriation and embezzlement of funds, the rights of appellees were concluded thereby. The appellant undertakes to sustain its contention by that provision of the bond of indemnity which says: "And further if the amount under this bond is not paid upon demand of said Fidelity & Casualty Company, its certain attorneys, successors or assigns,

and after said company has satisfied itself as to its liability under said bond, then we do hereby authorize and empower any attorney of any court of record in the state of Pennsylvania or elsewhere to appear for us and confess judgment against us for the penal sum with costs of suit, release of errors, etc."

It is argued under this provision of the bond the appellant had the right to make this investigation ex parte, without due course of law, and entirely independent of the rights or suggestions of the appellees. It is further contended by the learned counsel for appellant that the appellees have no rights to be considered by the court and no questions of fact to be determined by a jury. We are not convinced of the correctness of this position. It is certainly unsound if the parol contract set up by the appellees be sustained. Parol evidence is admissible to alter, vary or contradict a written instrument where such evidence establishes an oral agreement contemporaneous with the execution of the writing and on the faith of which the instrument was executed: Chalfant v. Williams, 35 Pa. 212; Keough v. Leslie, 92 Pa. 424; Shugart v. Moore, 78 Pa. 469. It has also been held that where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible although it may vary and materially change the terms of the contract: Greenawalt v. Kohne, 85 Pa. 369.

Under the facts of this case it was competent to show by parol evidence that such an understanding or contract was entered into at the time the bond of indemnity was executed as an inducement to the execution of the same, and without which the bond would not have been executed. If the witnesses of the appellees are to be believed then there was such clear, precise and indubitable evidence as would support the parol contract set up. It is true there was a conflict of testimony about this matter, but the court below heard the witnesses on a rule to open the judgment and found as a fact that the parol contract had been established by two witnesses for appellees as against one for appellant. This finding was conclusive unless there was manifest error. We cannot say there was. We must therefore accept this fact as established.

We do not agree with the learned counsel for the appellant

in the construction placed upon the bond itself.   The provision "after said company has satisfied itself as to the liability under said bond" it shall have the right to enter the judgment, is not a condition of the bond bearing upon the liability of the parties.   This provision occurs in a subsequent paragraph to that in which the conditions of the bond are set out.   The evident purpose thereof was to give appellant the right to enter the bond as soon as it satisfied itself of its liability under the original bond by making an examination of the accounts.   In other words, it was a condition precedent to the entry of the judgment and not a condition affecting the purpose of the bond itself.   This was in the interest of the appellant so that it could enter the judgment and preserve its lien against the property of the appellees, but it certainly was not intended that they should be concluded by the entry of the judgment and not be permitted to have the same opened so that they could be let into a defense in the event that they had a just defense to the cause of action.   This view of the case is in corroboration of the contention of the appellees, that is to say, execution was not to be issued on judgment until the liability of Harder as principal, and the appellant as surety, had been established by due process of law on the original bond.   In other words, the appellant held the bond containing a power of attorney to confess judgment, but was not to enter judgment thereon until it had satisfied itself of the liability on the original bond, and then was not to proceed to collect the same until the liability of Harder had been established by due process of law.

After a full consideration of all the questions involved we can see no error in the disposition of the case by the learned court below.

Order and decree affirmed.