# Yinger, Appellant, *v.* Youngman.

*Landlord and tenant—Contract—Parol evidence—Contemporaneous agreement.*

Where, after the date of a lease, the tenant enters into an agreement in writing to pay a sum in addition to the rent fixed by the lease for heating the portion of the building leased, the tenant may show in an action of replevin for goods distrained that he was induced to sign the agreement by a contemporaneous oral agreement by which the landlord was to put in heat radiators, and that this oral agreement was not fulfilled; but this he must show by evidence which is clear, precise and indubitable; and he must also show that through the failure to put in radiators, the premises were not adequately heated. .

Argued March 9, 1905. Appeal, No. 1, March T., 1905, by plaintiff, from judgment of C. P. Lycoming Co., June T.,

1903, No. 148,. on verdict for defendant in case of William Yinger v. Samuel L. Young and Robert Mitchell.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ.   Reversed.

Replevin for goods distrained.   Before HART, P. J.
The facts are stated in the opinion of the Superior Court.

The court charged in part as follows :
[It appears that Mr. Lambert took possession of these premises, and some time in June following, by an arrangement between him and the plaintiff in this case, William Yinger, Mr. Yinger took possession of this property in the place, and stood in the shoes of Mr. Lambert, and the rights he was possessed of there were no higher than Mr. Lambert possessed ; and the relation that existed between him and Mr. Youngman from the time he became the tenant of that property was the same that had existed between Mr. Youngman and Mr. Lambert. Yinger's goods upon the premises were just as much liable for seizure for rent in arrear as Mr. Lambert's goods were liable while they were there.]
[It also appears from the evidence that there was steam heat in this building ; that the building was supplied with steam heat from the Updegraff steam heat plant ; but it is complained on the part of the plaintiff here, Mr. Yinger, that there was not sufficient heat in that building.   Now, you have heard some description here of the condition of that room.   I can say to you that it was the duty of Mr. Yinger to make such use of the room as was reasonable he should make ; in other words, if there were openings in the room where the cold could get in and which could be easily repaired, some duty was due from him in that respect.   Another thing, it is in evidence that there were radiators on the floor and that there were places to attach these radiators ; and in the absence of any positive agreement on the part of Mr. Youngman that he should attach those radiators, even if you believe that Mr. Youngman agreed to furnish the radiators, they were there, and it was as much his duty to attach them as it would be Mr. Youngman's.   Such an excuse as that is hardly sufficient to avoid the payment of rent, if you believe the rent was honestly due.] [5]

[Now, it is claimed on the part of the plaintiff that since the issuing of this writ of replevin, or since the issuing of the landlord's warrant, $50.00 has been paid to Mr. Youngman. You have heard the circumstances under which that claim is made. A check was given to Mr. Youngman for the sum of $50.00. This check has never been paid. It is in the hands of Mr. Youngman, and I understand he has presented it to the bank, and you have heard what has been said in reference thereto. Now, I can say to you that if Mr. Youngman had received that $50.00 represented by that check, that that would be a payment on account of this $90.00, but a check is not payment unless it is received as such and the check has actually been paid. Hence, the question is here, what amount of rent was due and unpaid on this lease at the time that this levy was made, which was on March 14, which I understand would include the rent for that month, because the rent is made payable in advance—hence the question is, what would be due on April 1, 1903 ?] [6]

Plaintiff presented these points :

1. If the jury find from the evidence that S. L. Youngman at the time the memorandum for steam heat was made on the back of the lease, agreed to put radiators in the premises leased from him by plaintiff, and that he failed to keep his agreement, and that the plaintiff has paid the rent for the premises in question, then the verdict must be for the plaintiff, William Yinger. *Answer :* We say to you if you find the rent for the premises has been paid by the plaintiff, then your verdict, of course, would have to be for the plaintiff ; but with reference to the matter of radiators, as referred to in this point, we have already charged you particularly with reference to the law upon that subject ; and with what we have said in our general charge with reference to that, we will affirm this proposition. [7]

3. Under all the evidence in this case the verdict of the jury should be for the plaintiff, William Yinger. *Answer :* We refuse to so charge you. [8]

Verdict and judgment for defendant for $90.45 for rent in arrears and for $65.00, the value of the goods distrained. Plaintiff appealed.

*Errors assigned* were (1) in admitting in evidence the lease between the parties; (2, 3) in refusing to admit evidence as to the oral agreement referred to in the opinion of the Supreme Court; (4–8) above instructions, quoting them.

*J. M. Reilly*, with him *J. Horace Shall* and *Edw. S. McGraw*, for appellant, cited: Pyroleum Appliance Co. v. Williamsport Hardware & Stove Co., 169 Pa. 440.

*C. Bartles* for appellees, cited: Long v. Fitzsimmons, 1 W. & S. 530; Cornell v. Vanartsdalen, 4 Pa. 364; Bears v. Ambler, 9 Pa. 194; Kline v. Jacobs, 68 Pa. 57; Moore v. Weber, 71 Pa. 429; Eberle v. Bonafon, 17 W. N. C. 335; Pioso v. Bitzer, 209 Pa. 503; Replogle v. Singer, 19 Pa. Superior Ct. 442; Knight's Estate, 20 Pa. Superior Ct. 413.

OPINION BY RICE, P. J., March 12, 1906:

This was an action of replevin for goods distrained in March, 1903, under a lease from Samuel Youngman to H. J. Lambert for the term of one year from April 1, 1902. Crediting the admitted payments the amount distrained for was in excess of the amount due under the terms of the lease. The right to distrain for this excess was claimed under the following agreement under seal between Youngman and Lambert indorsed on the back of the lease : "And now, October 22, 1902, I agree that the price required for heating my half of the large storeroom, Nos. 336–338 Pine street, may be added to the rent provided herein which is $25.00 for the entire store, my half $12.50, subject to the conditional reduction proposed in proposition of F. H. Moore, proprietor of the steam plant." It appeared by the testimony of Youngman, the defendant, that the charge of the steam heating company for heating the entire building, beginning in October, 1902, was $25.00 a month, for which he as owner of the building would be held by the company, and that the purpose of the agreement was to secure reimbursement from Lambert for the share of the cost which would be chargeable to his half of the building. Yinger, the plaintiff, who for the purposes of this case, the court correctly held, stood in the place of Lambert, then offered to prove by Youngman, he being then under cross-examination, that, on the date of the agree-

ment indorsed on the lease, Youngman stated to Lambert that if he would sign this memorandum, he, Youngman, would put radiators in the building to furnish the steam heat, that he would have this done by the steam heat company or some other person on the following day; that relying on this promise Lambert signed the agreement, and that Youngman never put radiators in the building in accordance with his promise. This is the substance of the two offers, the rejection of which constitutes the subject of the second and third assignments of error. The fair import of the promise as stated in the offers was not merely that the radiators would be supplied or delivered to the building, but that they would be put in the building so as to furnish heat.

One obvious and very material difference between this case and Eberle v. Bonafon's Exr., 17 W. N. C. 335, upon which the defendant relies, is that in the case cited the effort was to strike out by parol a covenant in a lease under seal and to substitute for it an oral agreement alleged to have been made at the same time which was flatly contradictory of it. In the same class of cases belongs Wodock v. Robinson, 148 Pa. 503. See also Fidelity Trust Co. v. Kohn, 27 Pa. Superior Ct. 374. The case holds that without proof of fraud or mistake in the execution of the instrument the parol evidence was not admissible. Here, however, the offer was to show a contemporaneous oral agreement on the faith of which the writing was signed, which is not contradictory of anything that is expressed or necessarily implied in the writing, but which relates to a matter concerning which the writing is silent, namely, as to who was to put in the radiators necessary to furnish the heat for which the tenant was to pay. The other cases cited by the appellant's counsel relate more particularly to the quantity and quality of proof required to set aside or reform an instrument on the ground of fraud or mistake. They cannot be said to overturn the rule recognized and applied in a multitude of Pennsylvania decisions, that parol evidence is admissible of a contemporaneous oral agreement which induced the execution of a written contract, though it may vary, change or reform the instrument (see Fidelity and Casualty Co. v. Harder, 212 Pa. 96 and cases cited), or the rule, that parol evidence is admissible to prove other or greater consideration than that ex-

pressed, provided it is not contradictory of or inconsistent with that expressed (Buckley's Appeal, 48 Pa. 491; Miles v. Waggoner, 23 Pa. Superior Ct. 432), or to overrule the cases in which such evidence has been held admissible to prove a contemporaneous oral agreement collateral to but not inconsistent with the written agreement. See Parcell v. Grosser, 109 Pa. 617; Bartley v. Phillips, 165 Pa. 325. The late cases unquestionably do hold more strictly than some of the earlier ones that such oral agreement must be shown by evidence that is clear, precise and indubitable. This was emphasized by the late Justice DEAN in Sutch's Est. No. 1, 201 Pa. 305, but the first mentioned rule, stated in the language we have quoted from Thomas v. Loose et al., 114 Pa. 35, was distinctly recognized. It was reiterated in even broader terms in one of the most recent utterances of the Supreme Court upon the subject —Fidelity and Casualty Co v. Harder, 212 Pa. 96 —and Mr. Justice ELKIN speaking for the court cited cases in support of the proposition which are ample authority for the admission of the offers of evidence under consideration. Notable amongst these is Shughart v. Moore, 78 Pa. 469, which upon its facts is very much more closely analogous to the present case than Eberle v. Bonafon's Exr. upon which the defendants' counsel rely. The second and third assignments of error are sustained.

We quite agree with the learned trial judge that the breach of this collateral agreement, if there was one, would be no defense to the claim for the rent reserved in the lease. Nor do we say that it would be a complete defense to that part of the claim founded on the supplementary agreement of October 22. If, as the defendant alleged, the steam heat furnished in the pipes running through the premises adequately heated the leased premises, the plaintiff suffered no substantial injury from the failure to attach the radiators. If, however, the plaintiff is able to establish the alleged contemporaneous agreement, and its breach, by the quantity and quality of evidence required in such cases, and to convince the jury that in consequence of the breach the premises were not heated at all or were inadequately heated, he will have established a defense to the steam heat claim, complete or pro tanto, depending upon the question of fact last suggested. This is all we deem it necessary to say regarding the fifth and seventh assignments of error. We dis-

cover no merit in the first, fourth and sixth assignments. They do not require discussion and are overruled. The manner in which the question involved is stated in the appellant's paper-book indicates that the counsel took the same view. As they there suggest, the important and controlling question in the case is as to the admissibility of the evidence of the contemporaneous agreement. The refusal of the plaintiff's request for binding instructions, which is the subject of the eighth assignment of error, was clearly right.

The judgment is reversed and a venire facias de novo awarded.