## Land-Wharton Company *v.* Hughes, Appellant.

*Contract—Writing—Contemporaneous    parol    agreement—Evidence—Affidavit of defense.*

In an action by an engineering company for the cost of a report on a railroad property, where the written contract consisted of a letter offering to do the work for a certain amount per day, and a letter in reply stipulating that the time on the report should not exceed three days, the defendant may show by parol evidence that as an inducement for the signing of the letter accepting the offer, the plaintiff's secretary agreed that he would do the work in person, that the investigation should occupy three full days, that a proper investigation could not be made in less time, that as a matter of fact the examination covered only a period of four hours, that the figures and information in the report were obtained not .by personal examination by plaintiff's officer, but from a person who had formerly been in the employ of the railroad company, and that by reason of the negligence alleged, the report was of no value. In such a case the defendant's offer is not an attempt to impeach a written instrument, but is an offer to prove a contemporaneous parol agreement not inconsistent with the terms of the writing which was the inducement to the defendant to sign the writing.

In such a case it is immaterial that the defendant did not return the report or offer to return it, inasmuch as the report was not an article of merchandise and to be treated as such.

Argued Oct. 15, 1908.   Appeal, No. 228, Oct. T., 1907, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1907, No. 354, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Land-Wharton Com-

pany v. Peter J. Hughes.  Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Beaver, JJ.  Reversed.

Assumpsit to recover the .costs of a report on a railroad proposition.

The writing containing the contract were the following letters:

"To Mr. Peter J. Hughes,
          "530–531 Real Estate Building,
                              "Philadelphia, Penna.
"Dear Sir:

"Mr. J. K. Davis, of H. F. Sanville and Co., 710 Girard Trust Building, Philadelphia, informed me that in making the proposed report on the Jeanette and West Newton Traction Co., proposition, we are to look to you for our fees.

"To avoid any misunderstanding will you please drop us a line confirming Mr. Davis' statement. .

"Our charge for the service will be based on the time occupied in making the examination and preparing a report at the rate of Fifty ($50) Dollars per day, plus actual expenses.
          "Yours very truly,
                    "Land-Wharton Company,
                              "[Sig.]  Frank Land,
                                        "Secretary and Treasurer."

"Mr. Frank Land,
          "Land-Wharton Co.,
                    "Pennsylvania Building, Philada., Pa.
"Dear Sir:

"Replying to your letter of the 11th inst., I hereby accept your proposition, providing the time on the report does not exceed three days.

"Your report to cover complete estimates for cost of construction, complete cost for operation and complete report of estimated earnings.
                    "Yours very truly,
                              "[Sig.]  Peter J. Hughes."

604    LAND-WHARTON CO. *v.* HUGHES, Appellant.

Statement of Facts—Opinion of the Court.    [37 Pa. Superior Ct.

The material averments of the affidavit of defense are set forth in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John Wilson,* with him *W. W. Porter* and *Maxwell Stevenson,* for appellant.—Where a contemporaneous agreement, not in writing, is sought to be set up as a defense against a written contract, the rule governing the case seems to be this, that not only may ambiguities in a written instrument be explained by parol, but it may be varied, added to or contradicted, where it is shown that, but for the oral stipulations made at the time, the party affected would not have executed it: Endlich on Affidavits of Defense, sec. 462; Greenawalt v. Kohne, 85 Pa. 369; Keough v. Leslie, 92 Pa. 424; Building & Loan Assn. v. Hetzel, 103 Pa. 507; Cake v. Bank, 116 Pa. 264; Coal & Iron Co. v. Willing, 180 Pa. 165; Fidelity & Casualty Co. v. Harder, 212 Pa. 96; Gandy v. Weckerly, 220 Pa. 285; Wheatley v. Niedich, 24 Pa. Superior Ct. 198; Harvey v. Dimon, 36 Pa. Superior Ct. 82.

*Benjamin Alexander,* with him *Arthur F. Schneider,* for appellee, cited: Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339.

.Opinion by Henderson, J., December 14, 1908:

The contract which is the basis of this action consists of two letters, one written by the plaintiff to the defendant and the other a reply thereto written by the defendant to the plaintiff.

The pleadings show that the plaintiff is an engineering company which undertakes to make examinations of railroad properties and to report on the condition and earning capacity thereof. The defendant had in contemplation the purchase of a traction line known as the Jeanette & West Newton Traction Company, and desired a report giving complete estimates for cost of construction, complete cost of opera-

tion, and complete report of estimated earnings. The contract declared on does not show who was to make the examination and report.

The defendant alleges in his affidavit of defense that his negotiation with the company was through Frank Land, the secretary and treasurer, and that it was expressly agreed that the inspection, examination and report to be made should be made by Land in person; that it was agreed at the same time that the investigation would occupy three full days exclusive of the time spent in traveling to and from the property and in compiling the report, and that a proper investigation could not be made in less time than three full days. It is further alleged that this agreement by Land was the inducement to the defendant to sign the letter set forth in the plaintiff's statement, and that his signature thereto was made upon the sole faith and credit thereof. It is then averred that in violation of this agreement the said Land in fact only devoted a period of about four hours to investigating the traction company, and that this time was spent in driving along the track of the company from West Newton to Jeanette, a distance of sixteen and one-half miles; that said Land obtained practically all of the figures and information contained in the plaintiff's report to the defendant from one George O. Baker, who had formerly been in the service of the traction company, and such information was not the result of a personal investigation by the said Land, according to the terms of his agreement with the defendant. By reason of this neglect of the plaintiff's agent to make the inspection which the defendant desired, and because prospective purchasers of the property from the defendant were not willing to accept the figures furnished by the said Baker, the defendant alleges the report submitted by the plaintiff was of no value and that the consideration of the contract wholly failed.

These averments, we think, bring the case within the doctrine of Greenawalt v. Kohne, 85 Pa. 369; Cake v. Pottsville Bank, 116 Pa. 264; Fidelity & Casualty Co. v. Harder, 212 Pa. 96; Gandy v. Weckerly, 220 Pa. 285; and numerous other cases.

The offer of the affidavit of defense was to show an oral agreement contemporaneous with the written contract, on the faith of which the instrument was executed. This oral agreement is not in contradiction of the contract sued on. It expresses a condition according to which the contract was to be performed on a point not set forth in the writing. The plaintiff could only act through an agent whose duty it would be, among other things, to make a physical inspection of the property. The defendant apparently relied on the capacity and experience of Land, and as a condition upon which he was willing to sign the letter of acceptance demanded that Land make the examination in person, and this was assented to by him as alleged in the affidavit. The writing makes no reference to the time necessary to make the examination except the maximum limit of three days. The oral stipulation, upon the faith of which it was said to have been signed, contemplated an employment of three full days, in view of the character of the work to be performed and the necessity for full information. Even if it were not expressly so agreed it would be implied that the agent of the plaintiff thus selected should make his own examination, and from all the sources reasonably available acquire the information on which it was understood the defendant would rely in making the investment which he had in contemplation. It may well be doubted whether the objection to the affidavit should prevail, even without the alleged parol agreement, if the plaintiff's representative instead of acquiring his information from his own original investigations took the statements on which his report was based from Baker, for the report of the company in such case would not have as its indispensable element of value the opinion of the expert formed at the end of his own investigation. However that may be, we are of the opinion that the defendant's offer is not an attempt to impeach a written instrument by showing a parol contemporaneous agreement varying and contradicting it, without an allegation of proof of the omission of such parol agreement from the written contract by fraud, accident or mistake, but is an offer to prove a contemporaneous parol agreement not inconsistent

with the terms of the agreement in writing which was the inducement to the defendant to sign the writing. We need not discuss the cases bearing on that point; those heretofore cited fully support the conclusion. It is contended by the appellee that the defendant retained the report submitted by the plaintiff and thereby waived all the alleged "defects and breaches" in its production. The report is treated as an article of merchandise, and application is sought to be made of the law governing the sale and delivery of goods. What the defendant wanted and proposed to pay for was not merchandise but information; not the paper on which the report was written but the facts therein set forth. In delivering to the defendant the result of its examination the plaintiff did not lose anything. The same information might be in possession of many people, its value depending on the accuracy of its representations, and if, as claimed by the defendant, the report was not the result of the personal inquiry and examination of the plaintiff's agent and not as complete and thorough as was contracted for, it might not have any value to the defendant. He would have a right at least to show that such was the case.

We are of the opinion that the defendant is entitled to present his defense to a jury. The judgment is reversed and a procedendo awarded.