I. G. L. RACQUET CLUB,
Plaintiff-Appellant,

v.

MIDSTATES BUILDERS, INC.,
Defendant-Appellee,

MIDSTATES BUILDERS, INC.,
Counterclaimant-Appellee,

v.

I. G. L. RACQUET CLUB, Defendant to
Counterclaimant-Appellant,

MIDSTATES BUILDERS, INC., Cross-
Petition Plaintiff-Appellee,

v.

BROOKS MOTEL and Brooks Country
Club, Cross-Petition
Defendants-Appellants.

No. 66495.

Supreme Court of Iowa.

Aug. 25, 1982.

Larry A. Stoller of Stoller & Larson, Spirit Lake, for appellants.

Richard Meyer of Fitzgibbons Brothers, Estherville, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, HARRIS, and LARSON, JJ.

HARRIS, Justice.

By a series of pretrial and trial rulings a litigant was prevented from presenting a claim in a dispute which arose from a contract to build a recreational facility. The owner (plaintiff) sought damages by reason of a delay in completion of construction.

Plaintiff[1] asserted the contract was "partly written and partly oral." The writing made no mention of completion date. Plaintiff sought to show that, under the oral part of the agreement, it was understood construction would be completed about October 15, 1979. The contractor (defendant) completed its portion of the building on January 25, 1980. The building was to be used as an indoor tennis club or racquet facility. The plaintiff alleged the delay resulted in substantial financial harm.

Prior to trial the defendant moved for partial summary judgment on the ground that evidence of a specific completion date was barred by the parol evidence rule. *Salsbury v. Northwestern Bell Telephone Company*, 221 N.W.2d 609, 611 (Iowa 1974). On the same theory defendant moved in limine for an order prohibiting plaintiff from mentioning a specific completion date before the jury. Both these motions were sustained and the rulings are assigned as error in this appeal.

I. The written contract contained two clauses which recite that the writing constitutes the entire agreement and could be modified only by a writing signed by both

1. For convenience the listing of the parties and stating of the issues has been simplified. Plaintiff is an Iowa corporation. Answering, defendant counterclaimed for the unpaid account and asked foreclosure of its mechanic's lien. It also cross-petitioned against a motel, country club (where the facility was built), an individual who was principal owner of the various corporations, and a lending institution, as owners and claimants of some interest in the real estate. The lending institution then asserted priority of a mortgage it held. We think the controlling issues can be better understood by describing the dispute as simply one between the owner and the contractor over a completion date.

parties. But this could not preclude plaintiff from attempting to show the parties orally agreed otherwise. Restatement (Second) of Contracts § 216 comment e (1981). And plaintiff claimed, and offered evidence to show, that the clauses were contrary to fact, that the writing fell far short of completely describing all the parties agreed to. Testifying on cross-examination the contractor's president was asked about the written contract. He preferred to call the writing a purchase agreement. Though he insisted there were no oral agreements he did concede that a letter of proposed specifications became a part of the understanding between the parties and did so by oral agreement between them.

An agent of the contractor, also on cross-examination, conceded that oral understandings were reached between him and the owner's agent on how the construction site would be prepared. The same agent conceded that, under an oral understanding, the owner's agent would have a right to review and approve the plans and specifications.

Under these circumstances the parol evidence rule would not ordinarily preclude evidence of the parties' further agreement on a completion date.

The parol evidence rule forbids use of extrinsic evidence to vary, add to, or subtract from a written agreement. *Pappas v. Hauser*, 197 N.W.2d 607, 611 (Iowa 1972). But the rule does not come into play until by interpretation the meaning of the writing is ascertained, and, as an aid to interpretation, extrinsic evidence is admissible which sheds light on the situation of the parties, antecedent negotiations, attendant circumstances, and the objects the parties were striving to attain. *Hamilton v. Wosepka*, 261 Iowa 299, 306, 154 N.W.2d 164, 168 (1967). *Egan v. Egan*, 212 N.W.2d 461, 464–65 (Iowa 1973).

We note and approve the following:

There is ample judicial authority showing that, in determining the issue of completeness of the integration in writing, evidence extrinsic to the writing itself is admissible. The oral admissions of the plaintiff that the agreement included matters not contained in the writing may be proved to show that it was not assented to as a complete integration, however complete it may look on its face. On this issue, parol testimony is certainly admissible to show the circumstances under which the agreement was made and the purposes for which the instrument was executed.

3 Corbin on Contracts, § 582, at p. 451. *See* 13 Am.Jur.2d, Building, Etc. Contracts, § 124 (1964).

The parol evidence rule should not be invoked to prevent a litigant the chance to prove a writing does not in fact describe what the parties understood to be their agreement. The rule should not have been employed here to preclude plaintiff from attempting to show the writing was induced in part by an agreement about a completion date.

Defendant offered evidence to show there was no such further agreement. According to the general contractor (not a party) a completion date, with penalty clause, was omitted from the writing in order to secure a lower bid. But this is not conclusive. Plaintiff should have been allowed to offer whatever evidence it could. Only after exhausting that attempt could it be determined whether a jury issue was made out on the question. The challenged rulings were in error.

II. The trial court refused plaintiff's request for permission to amend its petition under Iowa R.Civ.P. 88. Plaintiff sought the amendment to seek advantage of the rule that, where no time for performance is fixed in a contract, the law supplies a requirement that performance be within a reasonable time. *Andreas & Son v. Hempy*, 224 Iowa 561, 568–69, 276 N.W. 791, 794–95 (1937); *Ingram v. Dailey*, 123 Iowa 188, 190–91, 98 N.W. 627, 627–28 (1904); Annot., 85 A.L.R.2d 1269, 1279 (1962). The trial court refused to allow the amendment and the refusal is cited as an abuse of discretion on appeal.

Defendant defends the ruling on the claim the request came too late. It is said that the request for amendment came after a motion for partial summary judgment was sustained. While we cannot believe the problem is apt to recur upon remand we feel obliged to comment that the challenged ruling, if an abuse of discretion, ought to have been harmless. Plaintiff's petition as filed stated the claims we have outlined, asserted the delay, and specific items of damage for which relief was sought. This was ample under Iowa R.Civ.P. 69 to support the theory for which amendment was later sought. Under the rule of notice pleading it is not required that a specific legal theory be identified. *Soike v. Evan Matthews and Co.*, 302 N.W.2d 841, 842 (Iowa 1981).

III. After defendant's motion for partial summary judgment was sustained plaintiff's petition was dismissed and defendant then proceeded with proof on its counterclaim. At the close of defendant's case the trial court sustained defendant's motion for a directed verdict on the counterclaim. The second summary judgment ruling proceeded from the first. It was thought there then remained only the question of how much defendant was entitled to for the work performed.

We have said we believe the motion for partial summary judgment was improperly sustained. This takes away the trial court's basis for sustaining the motion on the counterclaim. Questions of fact did remain. Was the written agreement integrated? Was the written agreement modified by an oral agreement? Plaintiff's claim and defendant's counterclaim must both be retried upon remand.

REVERSED AND REMANDED.