**FIRST INTERSTATE EQUIPMENT LEASING OF IOWA, INC. f/k/a UCB Leasing Corporation, Appellant,**

v.

**L.M. FIELDER, Appellee.**

**No. 88–1730.**

Court of Appeals of Iowa.

Oct. 5, 1989.

Jerry R. Foxhoven of Peddicord, Wharton, Thune, Foxhoven & Spencer, Des Moines, for appellant.

Gregory J. Siemann of Green & Siemann, Carroll, for appellee.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

SCHLEGEL, Judge.

Plaintiff appeals a district court judgment reforming the lease agreement between the parties to provide that Fielder need only pay $1, and not the fair market value, in order to purchase the farm equipment at the end of the lease. We affirm the trial court.

Plaintiff contends the district court erred in: (1) permitting parol evidence concerning the amount necessary to purchase the equipment at the end of the lease; and (2) failing to award plaintiff damages since reforming the lease will result in a recapture of the plaintiff's investment tax credit.

In May 1982, a leasing officer for the plaintiff contacted a local farm equipment dealer to discuss buying equipment and leasing it back to local farmers. This arrangement provided for certain tax advantages to the plaintiff and the farmers.

Later in May 1982, the leasing officer contacted several local farmers in order to discuss his proposal. Fielder was interested and agreed to the arrangement. The next day, Fielder signed the lease agreement.

The agreement provided for an option to purchase the equipment at fair market value at the end of the lease term. This provision was not read to or by Fielder. The lease also provided for certain tax considerations with reference to a "0%" salvage value.

In May 1986, the lease ended and plaintiff demanded either $4,160 or return of the equipment. Fielder refused to return the equipment and offered to pay $1. Plaintiff then brought this replevin action. Prior to trial, plaintiff sought to exclude any testimony concerning any oral agreements made between plaintiff's leasing officer and Fielder. This motion in limine was rejected.

At trial, Fielder testified that he believed the lease agreement permitted him to purchase the equipment for a nominal amount after the lease term was over. The district court believed this constituted the real agreement between the parties and that references to "fair market value" and "salvage value" created ambiguity in the contract. The district court reformed the lease to provide for a $1 payment and plaintiff appealed.

■ This is an equitable action and therefore our scope of review is de novo. Iowa R.App. P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App. P. 14(f)(7). We are not bound by these determinations, however. *Id.*

■ Appellant contends the trial court erred by considering evidence of an oral agreement between the appellee and the appellant's representative. The parol evidence rule prevents the admission of evidence that would vary or contradict the terms of the written instrument. *Commercial Trust & Savings Bank v. Toy National Bank*, 373 N.W.2d 521, 523 (Iowa App.1985). There is no question that evidence of the oral agreement will vary the terms of the written instrument. The oral agreement provided that appellee could buy the equipment for one dollar, and appellant contends the written agreement provided that appellee could only buy the equipment at fair market value, which is over $4,000. The parol evidence rule is not absolute. There are certain circumstances where evidence will be admitted to vary the written agreement. The writing will be reformed only if the party seeking reformation clearly and convincingly establishes the writing does not express the true agreement of the parties because of fraud, duress, mutual mistake of fact, mistake of law, mistake of one party, and fraud or inequitable conduct on the part of the other. *Kufer v. Carson*, 230 N.W.2d 500, 504 (Iowa 1975). The remedy of reformation is not absolute but lies within the sound discretion of a court of equity and depends upon whether the remedy is essential to the ends of justice. *Kendall v. Lowther*, 356 N.W.2d 181, 188

(Iowa 1984). If any ambiguity is created by incorporation of seemingly contradictory clauses in the contract, the ambiguity must be resolved against the drafter of the contract. *Johnson Controls v. Cedar Rapids,* 713 F.2d 370, 375 (8th Cir.1983).

 The record is clear that appellee and the appellant's representative agreed that the equipment could be purchased for a nominal amount. The written contract that was later signed was merely a confirmation of this final agreement. The written agreement uses both the term "fair market value" and "salvage value." These terms are not synonymous and zero was the number associated with the salvage value. The ambiguity in the written contract lies in the use of these two terms. The term "fair market value" does not agree with the real agreement between the parties, but the term "salvage value" does agree substantially with the parties' real agreement. Appellee signed the contract the day after he reached the oral agreement with the representative. The representative referred to the written agreement and pointed out the part of the lease that declared that the residual value was zero. This action was to reassure appellee that the written agreement confirmed their earlier agreement. Parol evidence is admissible to show a writing is not an integrated agreement. An integrated agreement is one in which the parties adopt a writing as the final and complete expression of the agreement. *Kitchen v. Stockman National Life Insurance Co.,* 192 N.W.2d 796, 800 (Iowa 1971). The parol evidence rule should not be invoked to prevent a litigant the chance to prove a writing does not, in fact, represent what the parties understood to be their agreement. The rule should not be employed to preclude a party from attempting to show the writing was induced in part by an oral agreement. *I.G.L. Racquet Club v. Midstates Builders, Inc.,* 323 N.W.2d 214, 216 (Iowa 1982).

 The facts in this case do not require exclusion of the oral agreement under the parol evidence rule. The written agreement was not integrated. The appellant's representative may not have intended to defraud the appellee, but he certainly did not fully understand how the contract would work. The understanding between the appellee and the representative was that the equipment could be purchased for a nominal amount. The term salvage value had the number zero listed by it within the written contract, which could lead appellee to believe that the written contract was essentially what he agreed to with the representative. The most important aspect of this contract was that the appellee was able to obtain the equipment for a substantially lowered interest rate, and as the record shows, requiring appellee to pay another $4,000 would raise the interest rate above what he could have obtained from other lenders. The ends of justice require that the written contract be reformed to require the appellee to pay a nominal amount for the equipment.

 Appellant next contends that appellee should pay back the tax benefits that could be lost due to the reformation of the contract. Appellant has, at this point, no claim against appellee for any lost investment tax credit. There has been no recapture of the tax credit.

AFFIRMED.